## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| LOUISIANA DENTAL IMPLANT LAB, LLC, a Louisiana limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> JDENTALCARE SRL <br><br> Defendant. | Case No. 6:26-cv-25 |

### COMPLAINT FOR DESIGN PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

**NOW COMES** Louisiana Dental Implant Lab, LLC ("Plaintiff" or "Louisiana Dental"), by and through its attorneys and for its Complaint against JDENTALCARE SRL ("Defendant" or "JDC"), states as follows:

### NATURE OF THE ACTION

1. This is an action for design patent infringement under 35 U.S.C. §§ 271, 281, 283–285 and 289, arising from Defendant's unauthorized manufacture, use, offer to sell, sale, and/or importation of a product that infringes U.S. Design Patent No. D1,046,155 (the "'155 Patent").

### PARTIES

2. Plaintiff Louisiana Dental Implant Lab is a limited liability company organized and existing under the laws of Louisiana, with its principal place of business at 425 Settlers Trace Blvd., Suite 202, Lafayette, Louisiana 70508. Louisiana Dental is the owner of all right, title, and interests in the '155 Patent.

3. Based on information and belief, Defendant is a company organized under the laws of Italy with its principal place of business at Via Dino Campana 2, 41123 Modena, Italy.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question), § 1332 (diversity), and § 1338(a) (patents).

5. This Court has personal jurisdiction over Defendant under Fed. R. Civ. P. 4(k)(2).

   a. On information and belief, Defendant is not subject to personal jurisdiction in any state of the United States.

   b. Based on the information that is readily available to the Plaintiff and its counsel, Defendant has no place of business or agent for service of process located in any state of the United States.

   c. Defendant operates an internet website at <jdentalcare.com> through which it offers to sell, and accepts orders for, the accused EVS112 product.

   d. Defendant's sales of the EVS112 product into the US market have cost Plaintiff sales of its product made under the '155 Patent and depressed the price that Plaintiff can receive.

e.  On information and belief based on its pattern of promotional activities, Defendant intended to engage in offers to sell and sales of the infringing products to buyers for substantial fees by exporting the products from Italy to customers in the United States. Prior licensing discussions with Plaintiff have reflected an intention to continue selling the infringing product in the United States.

f.  Defendant has engaged in regular and systematic promotional efforts directed at the United States market and specifically targeted United States customers, as its web site provided specific ordering information for United States customers.

g.  Plaintiff and Defendant have had a history of negotiating a license under the '155 Patent with infringing sales by Defendant that, on information and belief, have continued into the United States since those conversations concluded without a license or other authorization. Defendant is, therefore, aware that Plaintiff is a resident of this jurisdiction, that Plaintiff sells its patented product within the United States, and that the impact of Defendant's infringing conduct will affect a resident of this jurisdiction and its sales within the United States.

h.  Plaintiff's claim for patent infringement against Defendant arises under federal law.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(a). Upon information and belief, Defendant is a resident of Italy. Therefore, pursuant to 28 U.S.C. § 1391(c)(3) "a defendant not resident in the United States may be sued in any judicial district."

## THE PATENT-IN-SUIT

7. On October 8, 2024, the United States Patent and Trademark Office duly and legally issued U.S. Design Patent No. D1,046,155, titled "Dental Screw," to Daniel Domingue, DDS. On April 10, 2025, Dr. Domingue assigned the '155 Patent to Plaintiff. A true and correct copy of the '155 Patent is attached as **Exhibit A**.

8. The '155 Patent is valid, enforceable, and remains in full force and effect.

9. The patented design is embodied in Plaintiff's commercial dental screw product marketed under the name "VORTEX."

## DEFENDANT'S INFRINGEMENT OF THE '155 PATENT

10. Upon information and belief, Defendant manufactures, imports, offer for sale, and/or sells a dental screw product designated as "EVS112" (the Accused Product") which copies and infringes the patented design claimed in the '155 Patent.

11.     An infringement comparison chart demonstrating substantial similarity between the claimed design of the '155 Patent and the Accused Product is seen below:

| U.S. Patent No. D1,046,155 | The Infringing EVS112 Product by JDentalCare |
|---|---|
| FIG. 1 | |
| FIG. 2 | |
| FIG. 3 | |
| FIG. 4 | |
| FIG. 5 | |
| FIG. 6 | |

| U.S. Patent No. D1,046,155 | The Infringing EVS112 Product by JDentalCare |
|---|---|
| FIG. 7 | |
| FIG. 8 | |

12. The Accused Product embodies the overall visual appearance of the '155 Patent in all material respects and is likely to deceive an ordinary observer into believing it is the same as the patented design.

13. Defendant's actions constitute direct infringement of the '155 Patent under 35 U.S.C. § 271.

14. On May 9, 2025, Plaintiff, through counsel, issued a demand letter to Defendant notifying it of the '155 Patent and their infringing conduct. A true and correct copy of the demand letter is attached as **Exhibit B**.

15. Despite actual knowledge of the '155 Patent and the demand to cease infringement, upon information and belief, Defendant has failed to comply and continued to make, use, sell, offer to sell, and/or import the Accused Product.

16. Defendant's infringement has been willful, deliberate, and in disregard of Plaintiff's patent rights, justifying enhanced damages under 35 U.S.C. § 284.

## DAMAGES

17. As a result of Defendant's infringement, Plaintiff has suffered damages as a result of WTI's infringement of the patent rights granted to Plaintiff under the '155 Patent.

18. Plaintiff seeks nonduplicative recovery of a reasonable royalty and lost profits, under 35 U.S.C. § 284, and/or the total profits made by Defendant from its sales of the Accused Product.

19. Plaintiff is also entitled to an award for enhanced damages of up to three times the awarded amount due to the willful nature of JDC's infringement with notice of the '155 Patent as well as an award for its costs and attorney fees.

20. Plaintiff is entitled to preliminary and permanent injunctive relief under 35 U.S.C. § 283 to enjoin further infringement of the '155 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and grant the following relief:

    A. A judgment that Defendant has infringed U.S. Design Patent No. D1,046,155;

    B. Preliminary and permanent injunctions enjoining Defendant from further acts of infringement with respect to the '155 Patent;

C. An award of Defendant's total profits pursuant to 35 U.S.C. § 289;

D. Alternatively, an award of Plaintiff's lost profits or a reasonable royalty under 35 U.S.C. § 284;

E. A finding that the infringement has been willful with an award of enhanced damages;

F. An award of attorneys' fees and costs under 35 U.S.C. § 285;

G. Pre- and post-judgment interest; and

H. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

21. Pursuant to Fed R. Civ. P. 38(b) and 5(d), Plaintiff demands a trial by jury for all issues so triable.

                                        Respectfully submitted,

Dated: January 5, 2026            By: */s/ **Steven C. Lanza***
                                        Steven C. Lanza
                                        ONEBANE LAW FIRM (APC)
                                        400 E. Kaliste Saloom Rd., Suite 3000
                                        Lafayette, LA 70508
                                        Tel: 337-237-2660
                                        Fax: 337-266-1232
                                        lanza@onebane.com

                                        Lance G. Johnson (pro hac vice forthcoming)
                                        JOHNSON LEGAL PLLC
                                        12545 White Drive
                                        Fairfax, Virginia 22030
                                        Tel: 202-445-2000
                                        Fax: 888-492-1303
                                        Lance@lgjlegal.com

                                        *Attorneys for Plaintiff*